

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0861-20

**THE STATE OF TEXAS**

v.

**JASON DEAN HUNTER, Appellee**

### CONCURRENCE TO REFUSAL TO GRANT STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRD COURT OF APPEALS COMAL COUNTY

KELLER, P.J., filed a concurring opinion in which HERVEY, RICHARDSON, NEWELL, KEEL AND MCCLURE, JJ., joined.

My reason to refuse review is simple: The State's indictment does not charge a crime under the laws of the State of Texas, the Court of Appeals's resolution was correct, and the correct resolution is so obvious that we need not grant review. A mother choosing to abort her unborn child is not a crime under Texas law, so the defendant cannot be guilty of the offense of solicitation for soliciting such a crime.

The indictment charged that Appellant, "with intent that a capital felony be committed, to-wit:

the murder of the unborn child of [the child's mother], a child under the age of ten years of age, did request, command or attempt to induce the said [mother of the child] to engage in specific conduct to cause the death of said unborn child."[1] Penal Code § 19.06 says, "This chapter does not apply to the death of an unborn child if the conduct charged is . . . conduct committed by the mother of the unborn child."[2] So the entire homicide chapter of the Penal Code, including the provision proscribing the offense of murder, "does not apply" to the mother ending the unborn child's life. The indictment contains no object crime for the crime of solicitation.

And there has to be an object crime for there to be a crime of solicitation. Solicitation requires that a person "with intent that a capital felony or felony of the first degree be committed . . . requests, commands, or attempts to induce another to engage in specific conduct that, under the circumstances surrounding his conduct as the actor believes them to be, would constitute the felony or make the other a party to its commission."[3] The circumstances surrounding the mother's conduct as the defendant believes them to be would be that she would abort the child. That is not a crime, and so, would not "constitute the felony" or make the unborn child's mother "a party to its commission."

None of this reasoning is undermined by § 19.06's use the word "conduct charged." The solicitation statute already incorporates that language with its own requirement that "circumstances surrounding the conduct as the actor believes them to be" would "constitute the felony or make the

---

[1] The various statements of the defendant quoted in the indictment make clear that the person being solicited is the mother of the unborn child.

[2] TEX. PENAL CODE § 19.06(1).

[3] *Id.* § 15.03(a).

other a party to its commission." Nor does it matter here that the solicitation statute provides that it is no defense that "the person solicited is not criminally responsible for the felony solicited."[4] Unlike issues such as insanity or duress,[5] the § 19.06 language does not merely negate criminal responsibility; it says the offense provisions "do not apply."

And none of this reasoning is affected by our decision in *Baumgart*[6] or the fact the § 19.06 language is treated as a defense. *Baumgart* dealt only with pleading requirements.[7] If a defensive matter is not explicitly labeled an "exception" or "affirmative defense," then it is a defense for pleading purposes and does not have to be negated in the charging instrument.[8] Pointedly, the provision that *Baumgart* relies upon addresses only the pleading and proof requirements of a defensive matter: "A ground of defense in a penal law that is not plainly labeled in accordance with this chapter has the *procedural and evidentiary consequences* of a defense."[9] The State does not have to negate such a matter in its pleading, and it need do nothing about the issue at trial until it is raised,[10] but these procedural and evidentiary consequences say nothing about whether, substantively, the defensive provision is crime-negating or responsibility-negating. For that substantive question, one must look to the defensive provision itself. Here, the defensive provision is unambiguously

---

[4] *Id.* § 15.03(c)(1).

[5] *See* TEX. PENAL CODE §§ 8.01, 8.05.

[6] *Baumgart v. State*, 512 S.W.3d 335 (Tex. Crim. App. 2017).

[7] *See id.* at 343-46.

[8] *See id.* Of course, affirmative defenses do not have to be negated in the charging instrument either.

[9] TEX. PENAL CODE § 2.03(e) (emphasis added).

[10] *Id.* § 2.03(b), (c).

crime-negating: it says that the entire homicide chapter of the Penal "does not apply" to the mother's conduct to terminate the unborn child.

In fact, most defenses are crime-negating, while most affirmative defenses are responsibility-negating. Defenses include such things as self-defense,[11] consent in an assault case,[12] and the lawful carry of a firearm by a license-holder.[13] If one of these defenses is established, there is no crime. On the other hand, affirmative defenses include such things as insanity,[14] duress,[15] and reasonable mistake of law.[16] These affirmative defenses merely negate responsibility for a crime. The burden of persuasion for the respective types of defensive issues is consistent with the usual character of these issues. Once a "defense" is raised, the burden of persuasion is on the State to disprove the defense *beyond a reasonable doubt.*[17] That standard is also the standard that applies to elements of an offense, and it tends to signify an issue relevant to whether conduct is a crime. On the other hand, the "preponderance of the evidence" standard for affirmative defenses[18] tends to signify something that is not relevant to whether conduct is a crime. Does that mean that all defenses are crime negating? No. The legislature created a "safe harbor" that makes something a defense if it has not

---

[11] *Id.* § 9.31(a).

[12] *Id.* § 22.06(a).

[13] *Id.* § 46.15(b)(6).

[14] *Id.* § 8.01(a).

[15] *Id.* § 8.05(a).

[16] *Id.* § 8.03(b).

[17] *Id.* § 2.03(d).

[18] *Id.* § 2.04(d).

been clearly labeled an exception or an affirmative defense.  The safe harbor provision means that some things that are not crime-negating will nevertheless be deemed defenses, with the applicable pleading and proof requirements.  But this case is not one of those unusual instances.  The defensive language "does not apply" unambiguously marks this defense as a crime-negating one.

The indictment in this case alleges something that is not an offense under the laws of Texas.  Because of that, it was subject to being quashed, it was quashed, and the court of appeals correctly affirmed the trial court's order.  Because this outcome is obviously correct, and no court seems to, thus far, be confused about this area of the law, I see no need to grant review.

Filed: June 16, 2021

Publish